**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. C-10-595-2 |
| v. | § | (C.A. No. C-12-148) |
| | § | |
| LUIS ALBERTO ARIAS-LOPEZ, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE AND DENYING A
CERTIFICATE OF APPEALABILITY**

On May 11, 2012, the Clerk received Movant Luis Alberto Arias-Lopez' (Arias-Lopez) motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, along with a Memorandum of Law in support. D.E. 76. The government has filed its Response; Arias-Lopez filed a Reply. D.E. 81, 82. For the reasons set forth herein, Arias-Lopez' section 2255 motion (D.E. 33) is DENIED, and the Court also DENIES him a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

1

## II.  FACTUAL BACKGROUND AND PROCEEDINGS

### A.    Summary of Offense

Arias-Lopez and his co-defendant were found by the United States Coast Guard on board the PDV Vessel Parnaso. D.E. 1. They were found in an anchor chain locker seated on top of bundles that contained a white powdery substance, later determined to be cocaine. The two men also had back packs, rope, food and water. Id. The men were determined to be Columbian nationals who were stowaways aboard the vessel.  The co-defendant agreed to speak to investigators after waiving his Miranda rights and advised that he had been hired to smuggle the cocaine from Venezuela to Corpus Christi, Texas, and he hired Arias-Lopez to help him in exchange for $500 per kilogram of cocaine. Id.

### B.    Criminal Proceedings

Arias-Lopez was brought before a United States magistrate Judge on May 21, 2010. D.E. 2. He was appointed counsel . D.E. 7. Arias-Lopez was charged with conspiracy to possess with intent to distribute more that 5 kilograms of cocaine and possession with intent to distribute the same quantity of cocaine, along with his co-defendant. D.E. 13.

Arias-Lopez entered into a plea agreement with the government in which he agreed to plead guilty to Count One, conspiracy, in exchange for the government's agreement to recommend maximum credit for acceptance of responsibility and a sentence of imprisonment within the applicable guideline range. D.E. 19. Arias-Lopez was rearraigned and pled guilty. D.E. 47.

At rearraignment the Court reviewed the indictment and the plea agreement. D.E. 47. Arias-Lopez confirmed the plea agreement terms with the government and that he had not been promised a specific sentence. Id. at 18-20. The Court also advised Arias-Lopez of the mandatory minimum sentence of 10 years imprisonment and the maximum punishment of life imprisonment.[1] Arias-Lopez testified, in response to the Court's questioning, that he and his attorney had discussed the Guidelines and how they would apply to him. Id. at 13-14, 16. The government's attorney set out the charge and the facts that the government would prove in support, including the drug quantity of 208 kilograms of cocaine. Id. at 22-24. Arias-Lopez testified that he understood the charge against him and the facts were correct. Id. at 25-27. He further acknowledged that he knew he was transporting cocaine. Id. at 26-27.

The Court ordered a Presentence Investigation Report (PSR). D.E. 20. Arias-Lopez' base offense level of 38 was computed based upon the drug quantity of 208 kilograms of cocaine. D.E. 21 at ¶ 15. He was given credit for acceptance of responsibility resulting in a total offense level of 35. Id. at ¶¶ 20-24. His criminal history included two misdemeanor convictions in 2002 and 2005 resulting in 2 criminal history points and application of

---

[1]24 . . . the maximum possible
25 punishment is a period of life in the penitentiary. There's a
1 minimum mandatory sentence of ten years in the penitentiary.
2 There is no probation -- no probation and no parole from this
3 sentence. There is a maximum $4 million fine, a mandatory $100
4 special assessment and I must impose a period of supervision of
5 your behavior. That period of supervision can last as long as
6 the rest of your life; it must last at least five years in
7 length. It will begin when you are released from custody.

Id.

criminal history category II. Id. at ¶¶ 26-28. His sentencing guideline range was 188 to 235 months. Id. at ¶ 42.

Sentencing was held and Arias-Lopez was sentenced to 180 months imprisonment, 5 years supervised release, no fine and a special assessment of $100. D.E. 33. During sentencing, Arias-Lopez testified that he had reviewed the PSR with his attorney and agreed it was correctly written. D.E. 47 at 5. Defense counsel agreed the guideline range was correctly calculated, but urged a below guideline sentence on several grounds, 1) Arias-Lopez' prior criminal history was overstated, 2) Arias-Lopez was recruited by his co-defendant, 3) the substantial danger to his life created by his stowaway hiding place in the anchor chain locker, 4) the difference in the criminal histories of Arias-Lopez and his co-defendant, and 5) the substantially lesser part that Arias-Lopez played in the planning of the offense. Id. at 6-9. The government opposed granting Arias-Lopez minor role on the grounds that the proceeds were to be split evenly by Arias-Lopez and his co-defendant. The government agreed that Arias-Lopez criminal history was somewhat overstated by the guidelines. Id. at 11. The Court found that the guidelines overstated the seriousness of Arias-Lopez' criminal history and sentenced him based on an criminal history level I rather than II, which reduced the guideline range to 168-210 months. Id. at 12. The Court rejected the request for minor role on the grounds that the co-defendants appeared to have equal responsibility and were going to share the proceeds equally.  Id. at 13.

## III.  MOVANT'S ALLEGATIONS

Arias-Lopez raises two issues 1) counsel was ineffective at sentencing because he failed to argue that Arias-Lopez qualified for a minor role and 2) the District Court sentenced him without regard to a downward departure pursuant to an early disposition or fast track program. D.E. 76 at 14-18.

## IV.  ANALYSIS

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

### B.    Ineffective Assistance of Counsel

Arias-Lopez claims that trial counsel was ineffective at sentencing. An ineffective assistance claim presented in a section 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both

deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate that counsel's error led to some increase in the length of his imprisonment. Glover v. United States, 531 U.S. 198, 203, 121 S.Ct. 696 (2001); United States v. Herrera, 412 F.3d 577, 581 (2005).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

**C.     Arias-Lopez' Claim to Minor or Minimal Role**

Arias-Lopez claims that trial counsel was ineffective because he failed to argue that Arias-Lopez was only a minor participant. Although Arias-Lopez was recruited by his co-defendant to assist with transportation of marijuana, the two made the trip together, shared the dangers of the journey, and were to split the proceeds 50/50. "To be eligible for a minor-role adjustment, a defendant 'must have been peripheral to the advancement of the illicit activity.'" United States v. Villegas-Escalante, 228 Fed. App'x. 465 at *1 (5th Cir., May 2, 2007) (per curiam) (designated unpublished) (citing United States v. Miranda, 248 F.3d 434, 447 (5th

6

Cir. 2001)).  In <u>United States v. Lujan-Sauceda</u>, the Fifth Circuit stated that neither a

defendant's status as a first time offender nor his claims to be a mere courier require an

adjustment under § 3B1.2 for minor participant status. 187 F.3d 451, 452 (5th Cir. 1999); <u>see</u>

<u>also</u> <u>United States v. Ceniceros</u>, 349 Fed. App'x. 948 at *1 (5th Cir. 2009) (designated

unpublished) (rejecting drug courier's claim that he was a minor participant).

      During sentencing, this Court rejected the application of minor role,

    5 Counsel, I mean, do you want to present -- so far
    6 I'm not sold on this minor issue. Do you want to ask your
    7 client any questions that would be subject to cross
    8 examination?
    12 THE COURT: But why don't you get -- I'm talking
    13 about, he's not your –- you can ask questions of your client.
    14 MR. MORALES: I don't -- the problem is we run up
    15 against the mandatory minimum. So under any regard, we can't
    16 go below ten. So, even were we to find that -- where the Court
    17 would find that he's a minor participant, we stay stuck on ten.
    18 And --
        *     *     *     *
    4 I'm not going to find him a minor player. Sharing
    5 the proceeds equally, sharing the risks equally, and sharing
    6 the experience equally. I don't have any reason to believe
    7 that Arias-Lopez is in charge at that point on. By the time
    8 they start traveling together. It's reasonable for me to
    9 conclude that Mr. Arias-Lopez is necessary. To pay him $500,
    10 half of your own profits indicates the value that the other
    11 Defendant placed on his services, which are certainly not
    12 minor. So I'm not going to sentence as minor role, but I will
    13 sentence to 35-1.

D.E. 48 at 12-13.

      From sentencing, it is apparent that the Court considered minor role and rejected the

application of minor role to Arias-Lopez' conduct. Counsel did not pursue the issue. It is

apparent that counsel would not have prevailed had he pursued the argument further such that

his conduct did not prejudice Arias-Lopez. United States v. Kimmler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

**D.     Fast Track**

After the Fifth Circuit dismissed Arias-Lopez appeal, Arias-Lopez filed a motion in this Court for reconsideration of sentencing pursuant to 18 U.S.C. § 3582(c) and requested a fast track sentence reduction. D.E. 74. The Court denied the motion. D.E. 75.[2]

Arias-Lopez' claim in this proceeding is a challenge to the Court's application of the sentencing guidelines. A court's technical application of the sentencing guidelines is not cognizable in a § 2255 motion. United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam)("A district court's technical application of the Guidelines does not give rise to a constitutional issue."); see also United States v. Gaidusek, 51 F.3d 1042 at *1 (5th Cir. 1995) (designated unpublished) (same).

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Arias-Lopez has not yet filed a notice of appeal, the § 2255

---

[2] As noted in this Court's previous Order dated April 16, 2012, the Corpus Christi Division of the Southern District of Texas does not have a fast track program. D.E. 75 at 3.

Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Arias-Lopez is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution

of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, Arias-Lopez' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 76 ) is DENIED.  He is also denied a Certificate of Appealability.

Ordered this 19th  day of February 2013.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE